HAROLD GRISWOLD DeARMENT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
De Arment v. Commissioner
Docket No. 7258-82.
United States Tax Court
T.C. Memo 1984-408; 1984 Tax Ct. Memo LEXIS 269; 48 T.C.M. (CCH) 757; T.C.M. (RIA) 84408; August 1, 1984. Harold Griswold DeArment, pro se. Keith H. Johnson, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency of $1,601.20 in petitioner's Federal income tax for his 1979 taxable year. After concessions by the parties, the issue remaining for our consideration is whether certain amounts paid in 1979 for the maintenance of a home owned as tenants in common by the petitioner and his ex-wife, and resided in by the ex-wife, are deductible as alimony by the petitioner. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and first supplemental stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner was a resident of St. Petersburg, Florida at the time he filed the petition *270 herein. He timely filed his 1979 Federal income tax return with the Internal Revenue Service Center in Atlanta, Georgia. Petitioner received a final decree of divorce in the Circuit Court for the County of Fairfax, Virginia on January 19, 1977. By an order of that court dated July 25, 1977, Mr. DeArment was ordered to pay his ex-spouse, Elizabeth V. DeArment, $50 per week permanent alimony for an indefinite period of time, $50 per week for the support of an infant son until the child either reached the age of majority or became self-supporting, and various amounts for the maintenance of the marital home occupied by petitioner's ex-spouse and son. [1]
Since the effective date of their divorce the marital home in Springfield, Virginia has been owned by petitioner and his ex-spouse as tenants-in-common. The petitioner was required by court order to pay the following expenses relative to such home: (a) all principal and interest payments *271 on any existing encumbrances; (b) all real estate taxes; (c) all existing insurance; (d) all electric bills; (e) all heating fuel bills; (f) all propane gas bills; (g) all basic telephone charges. Pursuant to the order dated July 25, 1977, in 1979 petitioner incurred the following expenses in addition to the total annual $2,600 alimony payment and $2,600 child support payment paid to his ex-spouse: Principal on mortgage
$1,103
Interest on mortgage
1,023
Real Estate Taxes on house
1,298
Insurance on house
110
Utilities: Electricity
$606
Phone
222
Propane
172
Fuel Oil
707
1,707
TOTAL
$5,241
During the audit of petitioner's 1979 Federal income tax return, respondent allowed the following amounts as deductible alimony payments: One-half mortgage principal
$ 551.50
One-half interest on mortgage
511.50
One-half real property taxes
649.00
One-half insurance
55.00
All of the utilities
1,707.00
Subtotal
3,474.00
$50 per week alimony
2,600.00
TOTAL
$6,074.00
Petitioner claimed a deduction for alimony paid during his 1979 taxable year of $10,448. Mr DeArment conceded $2,607 of this amount, consisting of $2,600 *272 in child support payments and an additional $7 for propane fuel, amounts which petitioner erroneously included in his computations. This remaining amount of $7,841 less the $6,074 allowed by respondent in the notice of deficiency left a disputed amount of $1,767. Subsequently, respondent stipulated that the one-half of the real property taxes ($649) and interest ($511.50) disallowed as alimony is allowable as a deduction on petitioner's Schedule A. Accordingly, this leaves in dispute a total of only $606.50 consisting of one-half of the mortgage principal ($551.50) and one-half of the insurance ($55) paid during 1979. [2]
OPINION Petitioner has been allowed to deduct either as alimony under section 215 [3] or as an itemized deduction on Schedule A of his 1979 Federal income tax return all amounts paid for the maintenance *273 of the home occupied by his ex-wife and son, with the exception of $606.50. This remaining amount consists of one-half of the mortgage principal ($551.50) and one-half of the insurance ($55) paid during 1979. Petitioner argues that these amounts are deductible as alimony. We disagree. Petitioner owned the home resided in by his ex-spouse and son as a tenant in common with Elizabeth DeArment. In , we stated that "in the area of housing, payments which directly and more than incidentally benefit the wife and which do not directly and primarily benefit the husband constitute alimony income to the wife." (Emphasis in original.) In that case we held that the portion of the payments made to a cooperative which was allocable to mortgage amortization directly and primarily benefited the payor-husband and thus did not constitute alimony to the wife. . See also . Because petitioner herein *274 retained a one-half ownership interest in the former marital home, clearly one-half of the reduction in the principal of the indebtedness secured by such property increased and protected the value of petitioner's investment therein. See . Although the one-half of the insurance cost disallowed as alimony by the respondent does not directly increase the value of petitioner's interest in such property, it is a necessary carrying cost allocable to such investment and as such the payment was made for his own benefit. [4] Accordingly, we hold that these amounts are not deductible as alimony because they directly and primarily benefited the petitioner.
Decision will be entered under Rule 155.
Footnotes
1. During 1980, petitioner sought a modification of the July 25, 1977 order. By an order dated December 29, 1980, petitioner was granted a modification and reduction in the amount of support and alimony he was required to pay his ex-spouse.↩
2. Respondent also conceded two new issues raised by petitioner prior to trial: (1) petitioner is entitled to a $1,752 moving expense deduction for 1979 and a dependency exemption for his son in 1979. Petitioner conceded that he is not entitled to either a Schedule A tax deduction of $106.74 or a Schedule A interest expense deduction of $511.17 in 1979.↩
3. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
4. See .↩